1  Hongchang Deng  (Cal. Bar No. 354529)
   Deng.hongchang@shm.law
2  SHM LAW FIRM
   25F, China Resources Tower
3  2666 Keyuan South Road, Nanshan
   Shenzhen, 518052, China
4  M: +8618681567690

5  *Attorneys for Plaintiffs*
   *GUANGZHOU SHANSHUI TONGXUN SHEBEI YOUXIAN GONGSI*
6  *HK SANLI TRADING CO., LIMITED*
   *HONGKONG YUANHONG ET LIMITED*
7  *SHEN ZHEN SHI MA SI KA KE JI YOU XIAN GONG SI*
   *SHENZHEN SHI SHUN XING TONG KE JI YOU XIAN GONG SI*

8
                 **UNITED STATES DISTRICT COURT**
9
                **NORTHERN DISTRICT OF CALIFORNIA**
10

11  GUANGZHOU SHANSHUI                    **COMPLAINT FOR DECLARATORY**
    TONGXUN SHEBEI YOUXIAN                **JUDGMENT AND OTHER RELIEF**
12  GONGSI, HK SANLI TRADING CO.,
    LIMITED, HONGKONG                     DEMAND FOR JURY TRIAL
13  YUANHONG ET LIMITED, SHEN
    ZHEN SHI MA SI KA KE JI YOU
14  XIAN GONG SI AND SHENZHEN
    SHI SHUN XING TONG KE JI YOU
15  XIAN GONG SI,

16          Plaintiffs,

17          v.

18  Phone Lasso, LLC,

19          Defendant.

20

1

2

3      Plaintiffs GUANGZHOU SHANSHUI TONGXUN SHEBEI YOUXIAN

4  GONGSI ("SHANSHUI"), HK SANLI TRADING CO., LIMITED ("SANLI"),

5  HONGKONG YUANHONG ET LIMITED ("YUANHONG"), SHEN ZHEN SHI

6  MA SI KA KE JI YOU XIAN GONG SI ("MASIKA"), and SHENZHEN SHI

7  SHUN XING TONG KE JI YOU XIAN GONG SI ("SHUNXINGTONG")

8  (collectively, "Plaintiffs") hereby file this Complaint for Declaratory Judgment of

9  Non-infringement against Defendant Phone Lasso, LLC ("Defendant"). In support

10  thereof, Plaintiffs allege as follows:

## NATURE OF THE ACTION

12      1.    This action arises under the Declaratory Judgment Act, 28 U.S.C. §

13  2201 et seq., and the United States Patent Act, 35 U.S.C. § 1 et seq.

14      2.    Plaintiffs seek declaratory judgments that U.S. Patent No. US

15  8,523,031 ("the '031 Patent") is not infringed by Plaintiffs' phone lanyard products

16  (collectively referred to as "the Non-Infringing Phone Lanyards"). A true and

17  correct copy of the '031 Patent is attached hereto as Exhibit 1.

18      3.    Plaintiffs bring this action in view of the actual controversy created by

19  Defendant under the '031 Patent. Defendant initiated an APEX proceeding with

20  Amazon against Plaintiffs' Non-Infringing Phone Lanyards, which threatens

COMPLAINT FOR
DECLARATORY JUDGMENT                    - 2 -
AND OTHER RELIEF

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1  removal of Plaintiffs' listings from Amazon.com, hereby placing Plaintiffs' business

2  operations at imminent risk.

### PARTIES

4      4.      Plaintiff   GUANGZHOU   SHANSHUI   TONGXUN   SHEBEI

5  YOUXIAN GONGSI is a Chinese corporation with its principal place of business at

6  Room 101, No. 2 Tanwei Road, Liwan District, Guangzhou City, Guangdong

7  Province, China.

8      5.      Plaintiff HK SANLI TRADING CO., LIMITED is a Hong Kong

9  limited company with its principal place of business at Room 1401, Cambridge

10  House, 26–28 Cameron Road, Tsim Sha Tsui, Kowloon, Hong Kong.

11     6.      Plaintiff HONGKONG YUANHONG ET LIMITED is a Hong Kong

12  limited company with its principal place of business at Room 18, 27/F, Ho King

13  Commercial Centre, 2–16 Fuyuen Street, Mongkok, Kowloon, Hong Kong.

14     7.      Plaintiff SHEN ZHEN SHI MA SI KA KE JI YOU XIAN GONG SI is

15  a Chinese corporation with its principal place of business at Unit C2606, Building

16  A/B/C, Qunxing Plaza, No. 38 Hongli Road, Licun Community, Huaqiangbei

17  Subdistrict, Futian District, Shenzhen City, Guangdong Province, China.

18     8.      Plaintiff SHENZHEN SHI SHUN XING TONG KE JI YOU XIAN

19  GONG SI is a Chinese corporation with its principal place of business at Unit C2606,

20  Building A/B/C, Qunxing Plaza, No. 2015 Hongli Road, Licun Community,

COMPLAINT FOR
DECLARATORY JUDGMENT          - 3 -
AND OTHER RELIEF

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1  Huaqiangbei Subdistrict, Futian District, Shenzhen City, Guangdong Province,

2  China.

3       9.     Upon information and belief, Phone Lasso, LLC is a limited liability

4  company organized under the laws of the State of North Carolina, with its principal

5  place of business at 7474 Creedmoor Road, Suite 277, Raleigh, North Carolina

6  27613.

7  **JURISDICTION AND VENUE**

8       10.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201,

9  2202, 1331, and 1338(a) because this action arises under the laws of the United

10  States, including the Patent Act, 35 U.S.C. § 100 et seq.

11       11.    An actual case or controversy exists between the parties. Defendant

12  initiated an APEX proceeding with Amazon, alleging that Plaintiffs' Non-Infringing

13  Phone Lanyards infringe the '031 Patent. This enforcement activity threatens to

14  remove Plaintiffs' listings from Amazon.com and places Plaintiffs' ongoing

15  business operations at risk, giving rise to an actual controversy under 28 U.S.C. §§

16  2201 et seq.

17       12.    This Court has personal jurisdiction over Defendant because

18  Defendant has purposefully directed enforcement activities into this judicial district.

19  Defendant initiated an Amazon Patent Evaluation Express (APEX) proceeding

20  against Plaintiffs' Non-Infringing Phone Lanyards, which created a direct and

COMPLAINT FOR
DECLARATORY JUDGMENT    - 4 -
AND OTHER RELIEF

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1  foreseeable impact on Plaintiffs' business in this District, including the potential

2  delisting of Plaintiffs' products and disruption of their business operations in

3  California.

4         13.    On information and belief, Defendant engages in commercial activity

5  within the State of California, including marketing and offering for sale products

6  allegedly covered by the asserted patent to California residents, thereby establishing

7  sufficient minimum contacts with this forum.

8         14.    As of the date of this filing, Defendant operates an interactive website

9  that targets consumers nationwide, including in California. By enforcing its patent

10 rights in a manner that disrupts Plaintiffs' e-commerce sales in this District,

11 Defendant is subject to specific personal jurisdiction.

12        15.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2)

13 because a substantial part of the events giving rise to this action occurred in this

14 District.

15        16.    Defendant's enforcement actions, including its APEX complaint to

16 Amazon, directly threaten Plaintiffs' product listings and sales activities that occur,

17 in part, within this District. Plaintiffs sell products nationwide, including to

18 customers located in California, and the impact of Defendant's actions is felt within

19 this District.

20        17.    By targeting California-based commerce and attempting to exclude

COMPLAINT FOR
DECLARATORY JUDGMENT                    - 5 -
AND OTHER RELIEF

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1  Plaintiffs' products from the national marketplace, including sales into this District,

2  Defendant has caused harm within this forum, making venue proper.

3  ## FACTUAL BACKGROUND

4  **A.    the Non-Infringing Phone Lanyards**

5      18.    Plaintiffs conduct business through storefronts on Amazon.com under

6  the names "SHANSHUI CASE," "takyu," "YUAN-HONG," "COCASE," and

7  "Doormoon," respectively offering a variety of phone lanyard products for sale.

8      19.    Plaintiff   GUANGZHOU   SHANSHUI   TONGXUN   SHEBEI

9  YOUXIAN GONGSI operates the Amazon storefront SHANSHUI CASE, which

10  sells the Non-Infringing Phone Lanyards identified by Amazon Standard

11  Identification Numbers (ASINs), including but not limited to B083158CBJ and

12  B0C5H734B3.

13      20.    Plaintiff HK SANLI TRADING CO., LIMITED operates the Amazon

14  storefront takyu, which sells the Non-Infringing Phone Lanyards identified by

15  ASINs, including but not limited to B0CQ8796QK and B08CJZF5R7.

16      21.    Plaintiff Hongkong Yuanhong ET Limited operates the Amazon

17  storefront YUAN-HONG, which sells the Non-Infringing Phone Lanyards identified

18  by ASINs, including but not limited to B07ZNX61ZB.

19      22.    Plaintiff Shen Zhen Shi Ma Si Ka Ke Ji You Xian Gong Si operates

20  the Amazon storefront COCASE, which sells the Non-Infringing Phone Lanyards

COMPLAINT FOR
DECLARATORY JUDGMENT                    - 6 -
AND OTHER RELIEF

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1    identified by ASINs, including but not limited to B096KTWFQW.

2        23.    Plaintiff Shenzhen Shi Shun Xing Tong Ke Ji You Xian Gong Si

3    operates the Amazon storefront Doormoon, which sells the Non-Infringing Phone

4    Lanyards identified by ASINs, including but not limited to B07ZSDFY85.

5        24.    On or about April 15, 2025, Defendant filed an APEX patent

6    infringement complaint with Amazon, alleging that the above-listed ASINs infringe

7    the '031 Patent. As of the date of filing this Complaint, Amazon has not yet

8    removed the accused listings, but has set a response deadline of May 6, 2025.

9    Plaintiffs remain at risk of imminent delisting due to Defendant's enforcement

10   action. *See* EXHIBIT 2, Amazon Notices of Patent Complaint.

11       25.    The Amazon marketplace constitutes Plaintiffs' primary sales channel

12   into the United States. To remain competitive in the market for mobile accessories,

13   Plaintiffs must maintain uninterrupted access to Amazon's platform. Defendant's

14   submission of an APEX complaint threatens to exclude Plaintiffs' Non-Infringing

15   Phone Lanyards from their largest channel of trade, causing immediate and

16   irreparable harm.

17       26.    Upon information and belief, Defendant did not obtain any samples of

18   Plaintiffs' Non-Infringing Phone Lanyards prior to filing its APEX complaint with

19   Amazon alleging Plaintiffs' infringement.

20   **B.    U.S. Patent NO. US 8, 523, 031**

COMPLAINT FOR
DECLARATORY JUDGMENT            - 7 -
AND OTHER RELIEF

27.     The application for the '031 Patent was filed on December 9, 2011. The '031 Patent was issued on September 3, 2013.

28.     The '031 Patent lists Shane Hedrick as the inventor. The patent was subsequently assigned to PHONE LASSO, LLC on December 31, 2015. *See* Exhibit 1, the '031 Patent, cover page and USPTO assignment record.

29.     The '031 Patent is titled "Lanyard Apparatus for Carrying Devices" and the Abstract states "[a]n apparatus for carrying hand held electronic and other types of devices includes a flexible substrate and a lanyard secured to the substrate … a layer of adhesive material is applied to at least a portion of the substrate first surface … and a protective layer of material is releasably secured to the adhesive material [...]" *See id.*

30.     Claims 1 and 20 are the only independent claims of the '031 Patent.

31.     Claim 1 requires:

>       a protective layer of material releasably secured to the adhesive material which, when removed, exposes the adhesive material and allows the substrate to be secured to a housing of a hand held electronic device via the adhesive material;

*See* Exhibit 1 at 9:10–14.

32.     Claim 20 requires:

>       a protective layer of material releasably secured to the adhesive

COMPLAINT FOR
DECLARATORY JUDGMENT            - 8 -
AND OTHER RELIEF

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1  material which, when removed, exposes the adhesive material and

2  allows the substrate to be secured to a housing of a hand held

3  electronic device via the adhesive material;

4  *See* Exhibit 1 at 10:18–22.

5  33. Accordingly, all claims in the '031 Patent require a protective layer

6  releasably secured to the adhesive material.

7  34.    Claim 1 also requires:

8  the protective layer includes one or more patterns to facilitate

9  forming cutouts in the substrate and securing the substrate to the

10  housing of the hand held electronic device.

11  *See* Exhibit 1 at 9:17–20.

12  35.    Claim 20 also requires:

13  the protective layer includes one or more patterns to facilitate

14  forming cutouts in the substrate and securing the substrate to the

15  housing of the hand held electronic device.

16  *See* Exhibit 1 at 10:26–29.

17  36.    Accordingly, all claims in the '031 Patent require that the protective

18  layer include one or more patterns to facilitate forming cutouts in the substrate and

19  securing the substrate to the device.

20  **C.    Defendant's Bad-Faith Enforcement and Refusal to Withdraw Its**

COMPLAINT FOR
DECLARATORY JUDGMENT        - 9 -
AND OTHER RELIEF

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

**Baseless Complaint**

37.     On April 29, 2025 (Pacific Time), Plaintiffs' counsel provided a non-infringement analysis specifically addressing the ASINs named in this action and requested that Defendant immediately withdraw the pending APEX complaint. Plaintiffs' counsel also requested a telephone conference to discuss the matter on May 1, 2025 (Pacific Time). Defendant's counsel responded on April 30, 2025 (Pacific Time), stating that they were not available for a conference until May 5, 2025—the day before the deadline to elect participation in the APEX process.

38.     Despite receiving detailed notices explaining why the accused products do not infringe, Defendant failed to withdraw or modify its Amazon enforcement action. Defendant continued its enforcement action against Plaintiffs with knowledge of the products' non-infringing nature and without conducting a reasonable pre-filing investigation. As of the filing of this lawsuit, Plaintiffs have not received any indication that Defendant has withdrawn or modified its enforcement action.

39.     Given that Amazon's APEX procedure is a Limited Procedure, which imposes significant restrictions on the scope of Defendant's defenses and lacks reasonable and necessary evidence disclosure procedures, Defendant is concerned that the APEX procedure will not adequately protect its rights. As a result, Defendant has been forced to initiate litigation in order to seek protection of its

COMPLAINT FOR
DECLARATORY JUDGMENT                    - 10 -
AND OTHER RELIEF

1   rights through a fair legal process. *See* EXHIBIT 3: Amazon Patent Evaluation

2   Express Procedure.

3                                  **<u>COUNT I</u>**

4   **<u>Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,523,031</u>**

5       40.    Plaintiffs repeat and reallege each of the preceding paragraphs as if

6   they are restated here and incorporates them by reference.

7       41.    Plaintiffs have not infringed and do not infringe any valid and

8   enforceable claim of the '031 Patent either directly, contributorily, or by inducement,

9   literally or under the doctrine of equivalents, including through the making, use,

10  importation into the United States, sale, and/or offer for sale of Plaintiffs' Non-

11  Infringing Phone Lanyards.

12      42.    The Non-Infringing Phone Lanyards do not infringe at least claim 1

13  of the '031 Patent because they do not include every limitation required by claim 1.

14  For example, the Non-Infringing Phone Lanyards lack the limitation that "the

15  protective layer includes one or more patterns to facilitate forming cutouts in the

16  substrate and securing the substrate to the housing of the hand held electronic

17  device."

18      43.    Additionally, some of the Non-Infringing Phone Lanyards do not

19  infringe at least claim 1 of the '031 Patent because they do not include the limitation

20  that "a protective layer of material [is] releasably secured to the adhesive material."

---

COMPLAINT FOR
DECLARATORY JUDGMENT                    - 11 -
AND OTHER RELIEF

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1   For example, ASIN B0CQ8796QK does not include any protective layer at all, nor

2   does it have adhesive material that would support a releasable protective layer.

3       44.    The Non-Infringing Phone Lanyards also do not infringe at least

4   claim 20 of the '031 Patent because they do not include every limitation required by

5   claim 20. For example, the Non-Infringing Phone Lanyards lack the limitation that

6   "the protective layer includes one or more patterns to facilitate forming cutouts in

7   the substrate and securing the substrate to the housing of the hand held electronic

8   device."

9       45.    Additionally, some of the Non-Infringing Phone Lanyards do not

10  infringe at least claim 20 of the '031 Patent because they do not include the

11  limitation that "a protective layer of material [is] releasably secured to the adhesive

12  material." For example, ASIN B0CQ8796QK does not include any protective layer

13  at all, nor does it have adhesive material that would support a releasable protective

14  layer.

15      46.    An actual and justiciable case or controversy therefore exists between

16  Plaintiffs and Defendant regarding whether the Non-Infringing Phone Lanyards

17  have infringed the claims of the '031 Patent. Declaratory relief is thus appropriate

18  and necessary to establish that the making, using, importation, sale, or offer of sale

19  of the Non-Infringing Phone Lanyards do not infringe, directly or indirectly, literally

20  or under the doctrine of equivalents, any valid and enforceable claim of the '031

COMPLAINT FOR
DECLARATORY JUDGMENT                - 12 -
AND OTHER RELIEF

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

Patent. Plaintiffs are entitled to a judgment declaring that it has not infringed and will not infringe any claim of the '031 Patent. Such relief is further warranted by Defendant's bad-faith enforcement actions and failure to conduct a reasonable pre-filing investigation despite receiving multiple notices of non-infringement.

### COUNT II

**State Law Unfair Competition – Cal. Bus. & Prof. Code § 17200**

47.    Plaintiffs repeat and reallege each of the preceding paragraphs as if they are restated here and incorporates them by reference.

48.    Defendant's acts, as set forth above, constitute unlawful, unfair, and/or fraudulent business practices as defined under California Business and Professions Code § 17200, et seq.

49.    Defendant has acted unlawfully and unfairly by submitting baseless intellectual property complaints to Amazon under its APEX system, falsely alleging that Plaintiffs' Non-Infringing Phone Lanyards infringe U.S. Patent No. 8,523,031.

50.    Defendant's abuse of Amazon's IP enforcement mechanisms threatens to interfere with lawful commerce and causes substantial and unjustified burden on Plaintiffs, who must expend time and legal resources to defend against an objectively baseless claim that lacks any support under the patent laws.

51.    As a direct and proximate result of Defendant's unfair competition, Plaintiffs have been materially harmed and continue to face imminent risk of

COMPLAINT FOR
DECLARATORY JUDGMENT        - 13 -
AND OTHER RELIEF

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

business disruption, reputational harm, and economic loss. The exact amount of damages and injunctive relief will be proven at trial.

**COUNT III**

**Tortious Interference**

52.     Plaintiffs repeat and reallege each of the preceding paragraphs as if they are restated here and incorporates them by reference.

53.     Plaintiffs operate storefronts on Amazon.com pursuant to the Amazon Services Business Solutions Agreement and enjoy ongoing and advantageous economic relationships with Amazon and its customers, including continued sales of the Non-Infringing Phone Lanyards.

54.     Defendant knowingly and intentionally interfered with these relationships by submitting a baseless APEX complaint to Amazon, despite knowing or recklessly disregarding the fact that Plaintiffs' Phone Lanyards do not infringe any valid claim of the '031 Patent. Defendant's conduct was done for the improper purpose of harming a competitor and gaining commercial advantage, and by improper means, namely by asserting a knowingly baseless patent claim.

55.     Although the ASINs have not yet been removed, Defendant's APEX complaint has already disrupted Plaintiffs' business operations by forcing Plaintiffs to divert internal resources to investigate and respond to the complaint and creating uncertainty in Plaintiffs' commercial relationships.

COMPLAINT FOR
DECLARATORY JUDGMENT                    - 14 -
AND OTHER RELIEF

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

56.    Defendant's actions have further undermined Plaintiffs' trust relationship with Amazon and caused Plaintiffs to expend legal resources to defend its right to operate. Plaintiffs face a real and immediate risk of future harm, including potential takedowns, loss of rankings, and decreased customer confidence.

57.    These harms include legal expense, internal resource diversion, risk of revenue disruption, and damage to Plaintiffs' standing with Amazon. The amount of damages and equitable relief sought will be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

A.    A judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of the Non-Infringing Phone Lanyards have not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '031 Patent;

B.    Entry of judgment finding Defendant liable for tortious interference with Plaintiffs' business relationship;

C.    Entry of judgment finding Defendant liable for unfair competition under California Business and Professions Code § 17200, *et seq.*;

D.    An award of compensatory damages sufficient to make Plaintiffs whole for the harm caused by Defendant's conduct;

E.    An award of punitive damages in an amount to be determined at trial;

1    F.    An award of reasonable attorneys' fees and costs pursuant to 35 U.S.C.

2 § 285, Cal. Bus. & Prof. Code § 17200 et seq., and/or the Court's inherent authority,

3 based on Defendant's bad-faith enforcement actions and failure to conduct a

4 reasonable pre-filing investigation despite receiving multiple detailed notices of

5 non-infringement;

6    G.    An award of Plaintiffs' costs in this action;

7    H.    All such other and further relief as the Court may deem just and proper.

8

9    ## DEMAND FOR JURY TRIAL

10    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial

11 by jury on all claims and issues so triable.

12 DATED:  May 3, 2025              **SHM LAW FIRM**

13                           By:    */s/ Hongchang Deng*
                                 Hongchang Deng  (Cal. Bar No. 354529)
14                               Deng.hongchang@shm.law
                                 SHM LAW FIRM
15                               25F, China Resources Tower
                                 2666 Keyuan South Road, Nanshan
16                               Shenzhen, 518052, China
                                 M: +8618681567690
17
                                 *Attorneys for Plaintiffs*
18                               *GUANGZHOU SHANSHUI TONGXUN*
                                 *SHEBEI YOUXIAN GONGSI*
19                               *HK SANLI TRADING CO., LIMITED*
                                 *HONGKONG YUANHONG ET LIMITED*
20                               *SHEN ZHEN SHI MA SI KA KE JI YOU*
                                 *XIAN GONG SI*

COMPLAINT FOR                                    **SHM LAW FIRM**
DECLARATORY JUDGMENT            - 16 -      3000 El Camino Real, Building 4, Suite 200
AND OTHER RELIEF                                  Palo Alto, CA 94306
                                                   (650) 613-9737

1    *SHENZHEN SHI SHUN XING TONG KE JI
2    YOU XIAN GONG SI*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

COMPLAINT FOR
DECLARATORY  JUDGMENT                    - 17 -
AND OTHER RELIEF